Honorable Marc L. Barreca
Chapter 11
Hearing Date: May 22, 2015
Hearing Time: 9:30 a.m.
Hearing Place: Courtroom 7106
Response Date: May 15, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CASEY S. SULLIVAN and STEPHANIE F. SULLIVAN,<br><br>Debtors. | No. 10-23806-MLB<br><br>DEBTORS' MOTION TO REOPEN CASE, OBTAIN DISCHARGE, AND CLOSE CASE |

Casey S. Sullivan and Stephanie F. Sullivan, the debtors-in-possession in this Chapter 11 case ("Debtors"), by and through counsel, J. Todd Tracy, Jamie J. McFarlane and The Tracy Law Group PLLC, advises the Court that the Debtors have completed all payments to impaired creditors required under the First Amended Plan of Reorganization in the above-entitled case. The Debtors therefore request that the Court enter the Debtors' discharge order and then close the case.

## I. BACKGROUND

1. Debtors filed a petition under Chapter 11 of Title 11 on November 16, 2010.

DEBTORS' MOTION TO REOPEN CASE, OBTAIN DISCHARGE, AND CLOSE CASE-1-

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 10-23806-MLB    Doc 283    Filed 04/30/15    Ent. 04/30/15 15:48:12    Pg. 1 of 4

2. Debtors filed a Plan of Reorganization on August 26, 2011. Debtors filed a First Amended Plan of Reorganization on November 22, 2011. Working with the estate's creditors, Debtors were able to resolve objections to the First Amended Plan.

3. On May 4, 2012, the Debtors' First Amended Plan of Reorganization (Debtors "Plan") was confirmed.

4. Pursuant to the Order Confirming Debtors' First Amended Chapter 11 Plan of Reorganization entered on May 4, 2012, all persons who have held, currently hold, or may hold a Claim discharged or modified pursuant to the terms of the Plan shall be permanently enjoined by Bankruptcy Code §§ 105 and 524 from taking any of the following actions on account of any such discharged or modified Claim: (a) commencing or continuing in any manner any action or proceeding against the Reorganized Debtors; or their respective assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtors or their assets or properties; (c) creating, perfecting, or enforcing any lien or encumbrance against the Reorganized Debtors' assets or properties; (d) asserting any lien or encumbrance against the Reorganized Debtors or their assets and properties; (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with any provision of this Order or the Plan. Any person violating an injunction contained in this paragraph may be liable for actual damages, including costs and attorneys' fees, and, where appropriate, punitive damages. The discharge shall void any judgments against the Reorganized Debtors, at any time obtained, to the extent the judgment relates to a discharged Claim.

DEBTORS' MOTION TO REOPEN CASE,
OBTAIN DISCHARGE, AND CLOSE CASE-2-

THE **TRACY LAW GROUP**₍PLLC₎
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 10-23806-MLB    Doc 283    Filed 04/30/15    Ent. 04/30/15 15:48:12    Pg. 2 of 4

5.  The Debtors have been making payments on long-term debt as required by the confirmed Plan.

6.  The Debtors have paid administrative and priority claims in full, including payment to the Internal Revenue Service.

7.  Allowed general unsecured claims have been paid according to the terms of the confirmed Plan and allowed general unsecured claims have received their entire distribution provided for by the Plan.

## II. LEGAL ARGUMENT

The Debtors have completed Plan payments to all impaired creditors and is entitled to a discharge. *11 U.S.C. § 1141(d)(5).*

Per 11 U.S.C. 1141(d):

(1) Except as otherwise provided in this subsection, in a plan, or in the order confirming the plan, the confirmation of a plan-
    (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title…
(5) In a case in which the debtor is an individual-
    (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
    (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if-
(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under a chapter 7 on such date; and
(ii) modification of the plan under section 1127 is not practicable….

DEBTORS' MOTION TO REOPEN CASE,
OBTAIN DISCHARGE, AND CLOSE CASE-3-

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 10-23806-MLB    Doc 283    Filed 04/30/15    Ent. 04/30/15 15:48:12    Pg. 3 of 4

All unsecured, pre-petition creditors have been treated according to the terms of the confirmed Plan; the Plan provides that certain pre-petition unsecured creditors will receive a very small distribution under the Plan based upon the calculation of Debtors' Disposable Monthly Income ("DMI"). The Debtors paid the total amount required to be distributed under the Plan to these pre-petition creditors.

The Debtors are making and will continue to make payments on long-term secured debt as provided for in the Plan. All administrative and priority claims have been paid in full. Debtors have completed all payments to creditors required under the Plan, and a discharge should be entered as required by § 1141(d)(5)(A).

## III. CONCLUSION

The Debtors have completed payments as required under the First Amended Plan and are entitled to a discharge. Therefore, the Debtors respectfully request that the Court reopen the case, enter an order of discharge, and close the case.

DATED this 30th day of April 2015.

THE TRACY LAW GROUP PLLC

By  */s/ Jamie J. McFarlane*
    J. Todd Tracy, WSBA #17342
    Jamie J. McFarlane, WSBA #41320
Attorneys for Debtors

DEBTORS' MOTION TO REOPEN CASE,
OBTAIN DISCHARGE, AND CLOSE CASE-4-

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 10-23806-MLB    Doc 283    Filed 04/30/15    Ent. 04/30/15 15:48:12    Pg. 4 of 4